**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**COLBY FIEDLER,**

                              **Plaintiffs,**

        **-against-**                                   **CV 14-2572 (SJF)(AYS)**

**P.O. MICHAEL INCANDELA, P.O. JOHN**
**FOCAS, P.O. STEVEN CAPPARELLI, P.O.**
**DANE FLYNN, P.O. RICHARD YASSO, P.O.**
**STACEY CUNNEEN, P.O. MOIRA HUGGINS,**
**SGT. CHRISTOPHER FOLEY, THE COUNTY**
**OF NASSAU, and THE COUNTY OF**
**SUFFOLK,**

                              **Defendants.**

---

**SUFFOLK COUNTY DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION PURSUANT TO RULE 56**

**Dated:  Hauppauge, New York**          **RESPECTFULLY SUBMITTED,**
        **October 30, 2015**              **DENNIS M. BROWN**
                                          **SUFFOLK COUNTY ATTORNEY**
                                          **Attorney for Defendants**
                                          **H. Lee Dennison Building**
                                          **100 Veterans Memorial Highway**
                                          **P.O. Box 6100**
                                          **Hauppauge, New York  11788**

                                          **BRIAN C. MITCHELL**
                                          **Assistant County Attorney**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**…………………………………………….………ii

**PRELIMINARY STATEMENT** ………………………………………………. 1

**POINT I**

**PROBABLE CAUSE EXISTED TO ARREST THE
PLAINTIFF FOR CRIMINAL POSSESSION OF STOLEN
PROPERTY IN THE FIFTH DEGREE BASED UPON THE SWORN
STAEMENT OF MICHAEL INCANDELA** ………………………..…………..3

*Malicious Prosecution*........................................................................................8

*Qualified Immunity*...........................................................................................9

*Conspiracy claims*…..........................................................................................10

*Abuse of Process*...............................................................................................11

**POINT II**

**THE CLAIMS AGAINST THE COUNTY OF SUFFOLK
MUST BE DISMISSED AS THE COMPLAINT FAILS TO
SUFFICIENTLY ALLEGE AN UNDERLYING VIOLATION
OF THE PLAINTIFFS' CONSTITUTIONAL RIGHTS**………………..….…..12

**CONCLUSION**……………………………………………..………………… 13

# TABLE OF AUTHORITIES

Anderson v. Criegton,
    483 U.S. 635 (1987) ............................................................................... 9
Bernard v. United States,
    25 F3d 98 (2d. Cir. 1994) ............................................................. 4, 7, 8
Betts v. Shearman,
    751 F.3d 78 (2d. Cir. 2014) ................................................................ 5, 9
Boyd v. City of New York,
    336 F.3d 72 (2d Cir. 2003) ..................................................................... 7
Caldarola v. Calabrese,
    298 F.3d 156 (2d Cir 2002) ........................................................... 5, 7, 9
City of Los Angeles v. Heller,
    475 U.S. 796 (1986) ............................................................................. 13
Cnty. of Sacramento v. Lewis,
    523 U.S. 833 (1998) ............................................................................. 12
Curley v. Village of Suffern,
    268 F.3d 65 (2d Cir. 2001) ..................................................................... 5
Donovan v. Briggs,
    250 F.Supp.2d 242 ................................................................................. 6
Golden v. City of New York,
    418 F.Supp.2d 226 (2006) ................................................................... 11
Hahn v. County of Otsego,
    820 F.Supp. 54 (N.D.N.Y.1993) ........................................................ 6, 7
Harlow v. Fitzgerald,
    457 U.S. 800 (1982) ............................................................................... 9
Hygh v. Jacobs,
    961 F.2d 359 (2nd Cir. 1992) ................................................................ 8
Jenkins v. City of New York,
    478 F.3d 76 (2d Cir. 2007) ..................................................................... 9
JG & PG ex rel. JGIII v. Card,
    2009 WL 2986640 (S.D.N.Y. Sept. 17, 2009) ................................... 11
Jocks v. Tavernier,
    316 F.3d 128 (2d Cir.2003) .................................................................... 6
Loria v. Gorman,
    306 F.3d 1271 (2d Cir. 2002) ................................................................ 7
Martinez v. Simonetti,
    202 F.2d 625 (2d Cir. 2000) ................................................................... 7
Miloslvski v. AES Eng'g Soc'y Inc.,
    808 F.Supp. 351 (S.D.N.Y.) ................................................................. 5
Monell v. Dept. of Social Services,
    436 U.S. 658, 98 S.Ct. 2018(1978) .................................................... 12
Natale v. Town of Ridgefield,
    170 F.3d 258 (2d Cir.1999) ................................................................. 12

__Panetta v. Crowley,__
    __460 F.3d 388 (2d Cir. 2006)__ ..................................................................... **5, 7**

__People v Zorcik,__
    __67 NY2d 670 (1986)__ ................................................................................... **6**

__People v. Cintron,__
    __95 N.Y.2d  329  (2000)__ .............................................................................. **6**

__People v. Hicks,__
    __38 N.Y. 2d 90, 378 N.Y.S.2d 660 (1975)__ ................................................. **5**

__Pierson v. Ray,__
    __386 U.S. 547, 87 S.Ct  (1967)__ .................................................................. **7**

__Reinhart v. City of Schenectady Police Dept.,__
    __599 F.Supp.2d 323 (N.D.N.Y. 2009)__ ......................................................... **7**

__Rothstein v. Carriere,__
    __373 F.3d 275 (2d. Cir 2004)__ ..................................................................... **4, 8**

__Russell v. Smith,__
    __68 F.3d 33 (2d. Cir. 1995)__ ........................................................................ **8**

__Savino v. City of New York,__
    __331 F.3d 63 (2d Cir.2003)__ ......................................................................... **11**

__Singer v. Fulton County Sheriff,__
    __63 F.3d 110 (2d Cir. 1995)__ ................................................................ **4, 5, 8, 9**

__U.S. v. Diaz,__
    __2015 WL 5201508 (2d Cir., 2015)__ ........................................................... **11**

__United States v. Fama,__
    __758 F.2d 834 (2d Cir. 1985)__ ..................................................................... **5**

__United States v. Fisher,__
    __702 F.2d 372 (2d. Cir. 1983)__ .................................................................... **4**

__Wren v. U.S.,__
    __517 U.S. 806 (1996)__ ................................................................................. **11**

### STATUTES

__42 U.S.C. §1983__ ............................................................................................ **1, 13**
__New York Penal Law § 165.55 (1)__ ............................................................... **6**
__New York State Penal Law Section 165.40__ ................................................ **1, 3, 5, 6**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**COLBY FIEDLER,**

                                        **Plaintiffs,**


            **-against-**                              **CV 14-2572 (SJF)(AYS)**


**P.O. MICHAEL INCANDELA, P.O. JOHN**
**FOCAS, P.O. STEVEN CAPPARELLI, P.O.**
**DANE FLYNN, P.O. RICHARD YASSO, P.O.**
**STACEY CUNNEEN, P.O. MOIRA HUGGINS,**
**SGT. CHRISTOPHER FOLEY, THE COUNTY**
**OF NASSAU, and THE COUNTY OF**
**SUFFOLK,**

                                        **Defendants.**

---

### SUFFOLK COUNTY DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF MOTION PURSUANT TO RULE 56


**Dated:  Hauppauge, New York**          **RESPECTFULLY SUBMITTED,**
        **October 30, 2015**             **DENNIS M. BROWN**
                                         **SUFFOLK COUNTY ATTORNEY**
                                         **Attorney for Defendants**
                                         **H. Lee Dennison Building**
                                         **100 Veterans Memorial Highway**
                                         **P.O. Box 6100**
                                         **Hauppauge, New York  11788**

                                         **BRIAN C. MITCHELL**
                                         **Assistant County Attorney**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………………………………..………ii

**PRELIMINARY STATEMENT** ……………………………………………. 1

**POINT I**

**PROBABLE CAUSE EXISTED TO ARREST THE
PLAINTIFF FOR CRIMINAL POSSESSION OF STOLEN
PROPERTY IN THE FIFTH DEGREE BASED UPON THE SWORN
STAEMENT OF MICHAEL INCANDELA** ………………………..…………..3

*Malicious Prosecution*...........................................................................................8

*Qualified Immunity*...............................................................................................9

*Conspiracy claims*…............................................................................................10

*Abuse of Process*.................................................................................................11

**POINT II**

**THE CLAIMS AGAINST THE COUNTY OF SUFFOLK
MUST BE DISMISSED AS THE COMPLAINT FAILS TO
SUFFICIENTLY ALLEGE AN UNDERLYING VIOLATION
OF THE PLAINTIFFS' CONSTITUTIONAL RIGHTS**…………….…….….12

**CONCLUSION**………………………………………………..……………… 13

## TABLE OF AUTHORITIES

**Anderson v. Criegton,**
    483 U.S. 635 (1987) ............................................................................... **9**

**Bernard v. United States,**
    25 F3d 98 (2d. Cir. 1994) ......................................................... **4, 7, 8**

**Betts v. Shearman,**
    751 F.3d 78 (2d. Cir. 2014) ................................................................. **5, 9**

**Boyd v. City of New York,**
    336 F.3d 72 (2d Cir. 2003) ....................................................................... **7**

**Caldarola v. Calabrese,**
    298 F.3d 156 (2d. Cir 2002) ........................................................... **5, 7, 9**

**City of Los Angeles v. Heller,**
    475 U.S. 796 (1986) ............................................................................. **13**

**Cnty. of Sacramento v. Lewis,**
    523 U.S. 833 (1998) ............................................................................. **12**

**Curley v. Village of Suffern,**
    268 F.3d 65 (2d Cir. 2001) ....................................................................... **5**

**Donovan v. Briggs,**
    250 F.Supp.2d 242 ................................................................................. **6**

**Golden v. City of New York,**
    418 F.Supp.2d 226 (2006) ................................................................... **11**

**Hahn v. County of Otsego,**
    820 F.Supp. 54 (N.D.N.Y.1993) ...................................................... **6, 7**

**Harlow v. Fitzgerald,**
    457 U.S. 800 (1982) ............................................................................... **9**

**Hygh v. Jacobs,**
    961 F.2d 359 (2nd Cir. 1992) ............................................................... **8**

**Jenkins v. City of New York,**
    478 F.3d 76 (2d Cir. 2007) ..................................................................... **9**

**JG & PG ex rel. JGIII v. Card,**
    2009 WL 2986640 (S.D.N.Y. Sept. 17, 2009) ................................. **11**

**Jocks v. Tavernier,**
    316 F.3d 128 (2d Cir.2003) ................................................................... **6**

**Loria v. Gorman,**
    306 F.3d 1271 (2d Cir. 2002) ............................................................... **7**

**Martinez v. Simonetti,**
    202 F.2d 625 (2d Cir. 2000) ................................................................. **7**

**Miloslvski v. AES Eng'g Soc'y Inc.,**
    808 F.Supp. 351 (S.D.N.Y.) ............................................................... **5**

**Monell v. Dept. of Social Services,**
    436 U.S. 658, 98 S.Ct. 2018(1978) ..................................................... **12**

**Natale v. Town of Ridgefield,**
    170 F.3d 258 (2d Cir.1999) ................................................................. **12**

**Panetta v. Crowley,**
    460 F.3d 388 (2d Cir. 2006) ........................................................... **5, 7**

**People v Zorcik,**
    67 NY2d 670 (1986) ........................................................................... **6**
**People v. Cintron,**
     95 N.Y.2d  329  (2000) ..................................................................... **6**
**People v. Hicks,**
    38 N.Y. 2d 90, 378 N.Y.S.2d 660 (1975) ......................................... **5**
**Pierson v. Ray,**
     386 U.S. 547, 87 S.Ct  (1967) ........................................................ **7**
**Reinhart v. City of Schenectady Police Dept.,**
    599 F.Supp.2d 323 (N.D.N.Y. 2009) ............................................... **7**
**Rothstein v. Carriere,**
    373 F.3d 275 (2d. Cir 2004) ...................................................... **4, 8**
**Russell v. Smith,**
    68 F.3d 33 (2d. Cir. 1995) ............................................................. **8**
**Savino v. City of New York,**
    331 F.3d 63 (2d Cir.2003) ........................................................... **11**
**Singer v. Fulton County Sheriff,**
    63 F.3d 110 (2d Cir. 1995) ................................................. **4, 5, 8, 9**
**U.S. v. Diaz,**
     2015 WL 5201508 (2d Cir., 2015) ............................................... **11**
**United States v. Fama,**
    758 F.2d 834 (2d Cir. 1985) ........................................................... **5**
**United States v. Fisher,**
    702 F.2d 372 (2d. Cir. 1983) ......................................................... **4**
**Wren v. U.S.,**
    517 U.S. 806 (1996) .................................................................... **11**

## STATUTES

**42 U.S.C. §1983** ............................................................................... **1, 13**
**New York Penal Law § 165.55 (1)** ....................................................... **6**
**New York State Penal Law Section 165.40** ................................... **1, 3, 5, 6**

## PRELIMINARY STATEMENT

P.O. John Focas, P.O. Steven Capparelli, P.O. Richard Yasso, P.O. Stacey Cunneen, P.O. Dane Flynn, P.O. Moira Huggins, Sgt. Christopher Foley and the County of Suffolk, defendants in this civil rights action pursuant to 42 U.S.C. §1983, submit this memorandum of law in support of their motion for summary judgment dismissing the complaint ("the complaint") filed by the plaintiff Colby Fiedler.

This case arises out of an arrest of the plaintiff on December 20, 2011.   The plaintiff alleges, under 42 USC § 1983,  a claim of false arrest and malicious prosecution against Police Officers John Focas, Steven Capparelli, Richard Yasso,  Stacey Cunneen,  and Dane Flynn.  He also alleges a due process violation and abuse of process against Police Officer Moira Huggins and Sergeant Christopher Foley for permitting the plaintiff to post station house bail.  He brings a claim of conspiracy against all the Suffolk defendants, based upon an allegation that they conspired with civilian witness Michael Incandela to fabricate charges against the plaintiff, and he has asserted a Monell claim against the County.    He also has several pendant state claims.

On December 20, 2011 the plaintiff was charged with three counts of Criminal Possession of Stolen Property in the Fifth Degree in violation of New York State Penal Law Section 165.40.   The charges were based in part on the observations and sworn statement of a civilian witness, co-defendant Michael Incandela,   On December 20, 2011, Mr. Incandela observed a vehicle that he recognized as being involved in a previous theft of a package from the door step of his girlfriend.   He followed the vehicle to 669 South 6th Street and observed two males removing boxes from the vehicle and putting them into a garage at that location.   He then followed the vehicle from 669 South 6th Street to the 28 Knoll Street, Lindenhurst.   He alerted the Suffolk County Police who then responded to that location.   While at 28 Knoll Street he

positively identified two males who were present at that location to Police Officer Stacey Cunneen and Sergeant Wayne Hutzel as the same two persons he had seen earlier that day removing boxes from a vehicle and putting them into the garage at 669 South 6th Street.   One of the persons he identified was Colby Fiedler.

Based on the information provided by Mr. Incandela,  Police Officer John Focas, Police Officer Steven Capparelli, Police Officer Richard Yasso and Police Officer Dane Flynn responded to the 669 South 6th Street address and received voluntary consent to search from the owner of that premises.   The search resulted in the discovery of packages in the garage that were determined to be stolen.

Based upon the facts and circumstances known to Officer Cunneen, Officer Yasso, and Officer Flynn, including the identification of Colby Fiedler at the scene, the sworn statements provided by Michael Incandela,  Danielle DeMaio, Carolyn Shabunia, and Jason Kraft (the owners of the stolen property),  there was probable cause to affect the arrest of the plaintiff and charge him with Criminal Possession of Stolen Property in the Fifth Degree.

The plaintiff was transported to the Suffolk County First Precinct and was later released on station house bail.   Defendant Police Officer Moira Huggins received the ball from the plaintiff and defendant Sergeant Christopher Foley approved the receipt of the bail.   Other than this, neither officer was involved in the arrest and processing of Mr. Fiedler.

As defendants explain below, the plaintiff cannot recover upon his claim of False Arrest or Malicious Prosecution.  The accusatory instruments that served as the basis for the arrest of the plaintiff were based upon the sworn statements of a putative victim that established the elements of the offense charged.    As such, the defendant officers  had probable cause to affect the arrest of the plaintiff.   The existence of probable cause also serves as a bar to the plaintiff's

claims of malicious prosecution against all defendants.   There can be no claim of abuse of

process against Officer Huggins and Sergeant Foley because they were justified in granting the

plaintiff the opportunity to post cash bail and he received all process that he was due at that

point.   Nor can he recover against the County on a <u>Monell</u> theory of liability as he can produce

no evidence to support such a claim, and there was no underlying constitutional violation.

Lastly, Additionally, all defendants are entitled to qualified immunity as there was at least

arguable probable cause for the arrest of the plaintiff.

### POINT I

**PROBABLE CAUSE EXISTED TO ARREST THE
PLAINTIFF FOR CRIMINAL POSSESSION OF STOLEN PROPERTY
IN THE FIFTH DEGREE BASED UPON THE SWORN
STAEMENT OF MICHAEL INCANDELA**

The arrest of the plaintiff Colby Fiedler was based upon the sworn statement of a putative

victim and accordingly, the officers involved had probable cause.

On December 20, 2011 the plaintiff was charged with three counts of Criminal

Possession of Stolen Property in the Fifth Degree in violation of New York State Penal Law

Section 165.40.   The charges were based in part on the observations and sworn statement of a

civilian witness, co-defendant Michael Incandela,   On December 20, 2011, Mr. Incandela

observed a vehicle that he recognized as being involved in a previous theft of a package from the

door step of his girlfriend.   He followed the vehicle to 669 South 6th Street and observed two

males removing boxes from the vehicle and putting them into a garage at that location.   He then

followed the vehicle from 669 South 6th Street to the 28 Knoll Street, Lindenhurst.   He alerted

the Suffolk County Police who then responded to that location.   While at 28 Knoll Street he

positively identified two males who were present at that location to Police Officer Stacey

Cunneen and Sergeant Wayne Hutzel as the same two persons he had seen earlier that day removing boxes from a vehicle and putting them into the garage at 669 South 6th Street.    One of the persons he identified was Colby Fiedler.

Based on the information provided by Mr. Incandela,  Police Officer John Focas, Police Officer Steven Capparelli, Police Officer Richard Yasso and Police Officer Dane Flynn responded to the 669 South 6th Street address and received voluntary consent to search from the owner of that premises.   The search resulted in the discovery of packages in the garage that were determined to be stolen.

Based upon the facts and circumstances known to Officer Cunneen, Officer Yasso, and Officer Flynn, including the identification of Colby Fiedler at the scene by Michael Incandela, the sworn statements provided by Michael Incandela, as well as Danielle DeMaio, Carolyn Shabunia, and Jason Kraft (the owners of the stolen property),  there was probable cause to affect the arrest of the plaintiff and charge him with Criminal Possession of Stolen Property in the Fifth Degree.

It is well settled that there can be no federal civil rights claim for false arrest where the arresting officer had probable cause. See Singer v. Fulton County Sheriff, 63 F.3d 110 (2d Cir. 1995); Bernard v. United States, 25 F3d 98 (2d. Cir. 1994).   Moreover a malicious prosecution claim is likewise unavailable if the prosecution is supported by probable cause.  See Rothstein v. Carriere, 373 F.3d 275 (2d. Cir 2004).    Probable Cause to arrest exists where the facts and circumstances are sufficient to "warrant a person of reasonable caution in the belief that (1) and offense has been or is being committed (2) by the person to be arrested".   See Rothstein; *supra* at 292, citing United States v. Fisher, 702 F.2d 372 (2d. Cir. 1983).

4

It is also well established that an arresting officer who has been advised of a crime by a person who claims to be the victim or eye witness and who it seems reasonable to believe is telling the truth, has probable cause to arrest absent circumstances that raise doubts as to the victim's veracity.  *See* Singer*, supra at 119;* Betts v. Shearman, 751 F.3d 78 (2d. Cir. 2014); Caldarola v. Calabrese, 298 F.3d 156 (2d. Cir 2002).    Under New York law a person who has executed a sworn statement or affidavit which on its face contains a warning that the giving of a false statement constituted a violation of the Penal Law is considered to be inherently reliable. See People v. Hicks, 38 N.Y. 2d 90, 378 N.Y.S.2d 660 (1975).  Furthermore, the veracity of citizen complainants who are the victims of the very crime they report to the police is assumed. Miloslvski v. AES Eng'g Soc'y Inc., 808 F.Supp. 351 (S.D.N.Y.), aff'd 993 F.2d 1534 (2d Cir. 1993)

Moreover,  probable cause is not negated simply because there may be an innocent explanation for the facts alleged, and "an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." Panetta v. Crowley, 460 F.3d 388, 395-396 (2d Cir. 2006) (citing United States v. Fama, 758 F.2d 834, 838 (2d Cir. 1985).  See also, Curley v. Village of Suffern, 268 F.3d 65 (2d Cir. 2001) (Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury.  Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence).

The plaintiff in this case was charged with three counts of Criminal Possession of  Stolen Property in the Fifth Degree in violation of New York State Penal Law § 165.40. Criminal Possession of Stolen Property in the Fifth Degree is defined:

> A  person  is  guilty of criminal possession of stolen property in the
> fifth degree when he knowingly possesses stolen property, with intent to

benefit himself or a person other than an owner thereof or to impede the
recovery by an owner thereof.  McKinney's Cons Laws of N.Y., Pen.
Law § 165.40

Additionally, pursuant to New York Penal Law § 165.55 (1):

A  person  who  knowingly possesses stolen property is presumed to
possess it with intent to benefit himself or  a  person  other  than  an owner thereof or to
impede the recovery by an owner thereof.  .  McKinney's Cons Laws of N.Y., Pen.
Law § 165.55(1).

Lastly, knowledge that property is stolen can be established through circumstantial evidence
"such as by evidence of recent exclusive possession, defendant's conduct or contradictory
statements from which guilt may be inferred".  People v. Cintron, 95 N.Y.2d  329  (2000);
People v Zorcik, 67 NY2d 670 (1986).

At the time of the plaintiff's arrest in the instant matter, Officers Cunneen, Yasso and
Flynn had been provided with information from Michael Incandela that established that Colby
Fiedler was in possession of packages that were determined to be stolen property.   As noted
above, as per the statute the element of intent may be presumed from his possession and
knowledge may be legally inferred.   Mr. Incandela, and the owners of the property also provided
sworn written affidavits establishing the elements of the crime.   Accordingly, at that point the
officers were equipped with the requisite probable cause necessary to affect the arrest of the
plaintiff.

The standard for probable cause is not as stringent as that necessary for a conviction after
trial and a probable cause determination need not be based entirely upon non-hearsay facts.
Donovan v. Briggs, 250 F.Supp.2d 242 at 253, quoting Jocks v. Tavernier, 316 F.3d 128 at 135
(2d Cir.2003). "It is the mere probability of criminal activity, based on the totality of the
circumstances, that satisfies the Fourth Amendment." Hahn v. County of Otsego, 820 F.Supp.

54, 55 (N.D.N.Y.1993), aff'd, 52 F.3d 310 (2d Cir.1995), and ultimately probable cause is based upon these logical probabilities, not absolute certainty.  Boyd v. City of New York, 336 F.3d 72 (2d Cir. 2003); Reinhart v. City of Schenectady Police Dept., 599 F.Supp.2d 323, 328 (N.D.N.Y. 2009)   "In fact, the eventual disposition of the criminal charges is irrelevant to the probable cause determination."  Hahn, *supra* (citing Pierson v. Ray,  386 U.S. 547, 87 S.Ct 1212 (1967)).

Officer Cunneen was advised by Mr. Incandela that the persons at the scene of 28 Knoll Street were the same persons he saw possessing the packages at 669 South Street.   This information was then conveyed to Officers Yasso and Flynn.  The status of the packages as being stolen was conveyed to Officer Cunneen.  Accordingly all of the officers had the same knowledge and information and therefore the same basis for probable cause.   It is well settled that when making a probable cause determination, police officers are entitled to rely upon the allegations of fellow officers.  Panetta v. Crowley, 460 F.3d 388 (2d. Cir. 2006), Martinez v. Simonetti, 202 F.2d 625 (2d Cir. 2000), *see also* Caldarola, 298 F.3d at 166-67 (citing Bernard v. United States, 25 F.3d 98 (2d Cir 1994).  "Absent significant indications to the contrary, an officer is entitled to rely on his fellow officer's determination that an arrest was lawful."  Loria v. Gorman, 306 F.3d 1271, 1288 (2d Cir. 2002) .   Moreover, "the determination of probable cause does not turn on whether [the fellow agent's] observations were accurate, but on whether [the arresting agent] was reasonable in relying on those observations."  Bernard, 25 F.3d at 103.

Accordingly, since the arrest of the plaintiff was supported by probable cause the false arrest claims against all the defendants must be dismissed.

### *Malicious Prosecution*

The malicious prosecution claims against the defendants must be dismissed as well. Like its companion claim of false arrest, the elements of a malicious prosecution claim are substantially the same under both §1983 and state law.  Weyant v. Okst, supra, Hygh v. Jacobs, 961 F.2d 359 (2nd Cir. 1992)   The elements which a plaintiff must prove are 1) the initiation or continuation of a criminal proceeding; 2) the termination of the proceeding in plaintiff's favor; 3) a lack of probable cause; and 4) that actual malice was a motivation for defendant's action. Russell v. Smith, 68 F.3d 33, 36 (2d. Cir. 1995).  As stated above, it is well settled that there can be no federal civil rights claim for false arrest where the arresting officer had probable cause. See Singer v. Fulton County Sheriff, 63 F.3d 110 (2d Cir. 1995); Bernard v. United States, 25 F3d 98 (2d. Cir. 1994).   Moreover a malicious prosecution claim is likewise unavailable if the prosecution is supported by probable cause.  See Rothstein v. Carriere, 373 F.3d 275 (2d. Cir 2004) .

The defendants are aware that, in limited circumstances,  intervening facts following an arrest based upon probable cause, may serve to vitiate the probable cause that served as the basis for the arrest.  Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994) (analyzing whether facts discovered after an arrest vitiated probable cause).  Notwithstanding this limited exception to the general principle that the existence of probable cause also defeats a claim for malicious prosecution, the defendants submit that there remains no genuine issue of fact relating to the events that occurred after the arrest of the plaintiff while in police custody.    Each of the involved officers have submitted sworn affidavits that between the time of the arrest and the plaintiff's arraignment, they became aware of no information that would lead them to believe that probable cause did not exist for the arrest of the plaintiff or that would eliminate probable

cause.    Nor did they become aware of any information that led them to doubt the veracity of Mr. Incandela or the owners of the stolen property.

Accordingly, the malicious prosecution claims against all the defendant officers must be dismissed.

### *Qualified Immunity*

While the defendants submit the sworn statements of Mr. Incandela and the owners of the stolen property provided the officers with probable cause to arrest the plaintiff, the information provided and the sworn statements at the very least supported 'arguable' probable cause, and the officers were not objectively unreasonable in relying upon it.    Since their conduct was not objectively unreasonable they are entitled to qualified immunity from suit.

A police officer is entitled to qualified immunity where '(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." Betts v. Shearman, 751 F.3d 78 (2d. Cir. 2014) *citing*,  Jenkins v. City of New York, 478 F.3d 76, at 88 (2d Cir. 2007) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), and citing Anderson v. Criegton, 483 U.S. 635, 641 (1987).   An officer's determination is objectively reasonable if 'officers of reasonable competence could disagree on whether the probable cause test was met." Jenkins, *supra* at 87.

As stated above, it is well established that an arresting officer who has been advised of a crime by a person who claims to be the victim or eye witness and who it seems reasonable to believe is telling the truth, has probable cause to arrest absent circumstances that raise doubts as to the victim's veracity.  See Singer, *supra* at 119; Caldarola v. Calabrese, 298 F.3d 156 (2d. Cir 2002).   While officers of reasonable competence may have disagreed on whether the statement

9

of the victim satisfied the probable cause test,  it was not plainly incompetent or a knowing

violation of the law for the involved officers to decide the test was met and to arrest the plaintiff

based upon the information received from Mr. Incandela.  It cannot be said that the decision to

charge the plaintiff was objectively unreasonable and accordingly, the defendant officers would

be entitled to qualified immunity.

### _Conspiracy Claims_

The plaintiff claims that the charges brought against him were the result of a conspiracy

between the Suffolk Police Officers and Michael Incandela to fabricate the evidence against him.

These claims are utterly baseless and there is no evidence in the available record to support such

a specious allegation.   Moreover, the undisputed evidence reveals that prior to December 20,

2011, Suffolk Police were aware that packages were being stolen throughout the Lindenhurst

area, and the Crime Section had an ongoing investigation relating to these larcenies.   The

extrinsic evidence proves that the packages recovered at 669 South 6th Street were indeed stolen

property that belonged to persons other than Mr. Incandela.    The only element of the crime that

could have been "fabricated" was the identification of the plaintiff as one of the persons carrying

the packages into the garage at 669 South 6th Street.    The plaintiff simply has no evidence, other

than the speculative theory based upon Mr. Incandela's wholly unrelated problems with the

Nassau County Police Department  that Mr. Incandela's identification was tainted or fabricated

with the consent or cooperation of the Suffolk defendants.    Even if Mr. Incandela took it upon

himself to falsely identify the plaintiff to the police, there is nothing in the available records that

the Suffolk Police were aware of a subjective desire on the part of Mr. Incandela to do so.

Lastly,  the subjective motivation of the officers involved has no relevance when making

a probable cause determination.   As long as probable cause exists there can be no claim against

the officers to conspire to falsely arrest the plaintiff.   <u>Wren v. U.S.</u>,  517 U.S. 806 (1996);  <u>U.S.</u>
<u>v. Diaz</u>,  2015 WL 5201508, at *1 (2d Cir., 2015)

### ***<u>Abuse of Process</u>***

In a rather novel twist, the plaintiff claims that his due process rights were violated and
that Officer Huggins and Sergeant Foley engaged in an abuse of process by permitting him to
post cash bail rather than denying him an opportunity to maintain his liberty.     This claim
should be dismissed as the officers were justified in their actions, and the plaintiff received
whatever process he was due at the time.

To succeed on a claim for abuse of process, plaintiff must establish that defendants (1)
employed regularly issued legal process to compel performance (or for-bearance) of some act;
(2) with intent to do harm without excuse or justification; and (3) in order to obtain a collateral
objective that is outside the legitimate ends of the process. <u>Savino v. City of New York</u>,331 F.3d
63, 76 (2d Cir.2003).   Since there was probable cause for plaintiff's arrest, the officers had an
excuse and justification for employing the regularly issued process of conferring upon him the
benefit of posting bail at the precinct.  *See* <u>Golden v. City of New York</u>, 418 F.Supp.2d 226
(2006).   Moreover, the plaintiff was free to refuse to post the bail and remain incarcerated at his
pleasure.

To the extent that the claim can be read as a violation of his substantive due process
rights, it must be dismissed as well.  "To state a substantive due process claim, a plaintiff must
allege that ... the state action that deprived [him] of [a constitutionally protected] interest was
oppressive or arbitrary." <u>JG & PG ex rel. JGIII v. Card</u>, 2009 WL 2986640, at *5 (S.D.N.Y.
Sept. 17, 2009).  Conduct that is deemed to be "arbitrary or oppressive" must "shock the
conscience." *Id.* "While the measure of what is conscience shocking is no calibrated yard stick,"

Cnty. of Sacramento v. Lewis, 523 U.S. 833, 847 (1998), "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level," *id.* at 849. As the Second Circuit has stated, [s]ubstantive due process is an outer limit on the legitimacy of governmental action. It does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative action. Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority.  Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir.1999).

It can hardly be said that permitting a person to post station house bail is the type conscious-shocking conduct that rises to the level of a constitutional violation.   Accordingly, the claim against Officer Huggins and Sergeant Foley must be dismissed.


### POINT II

### THE CLAIMS AGAINST THE COUNTY OF SUFFOLK MUST BE DISMISSED AS THE COMPLAINT FAILS TO SUFFICIENTLY ALLEGE AN UNDERLYING VIOLATION OF THE PLAINTIFFS' CONSTITUTIONAL RIGHTS

The complaint filed by the plaintiff also contains a Monell claim against the County of Suffolk alleging that an official County policy or custom caused a violation of the plaintiffs' constitutional rights.   Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018(1978). However, as demonstrated above, the complaint filed by the plaintiff fails to sufficiently establish an underlying violation of the plaintiff's constitutional rights, and as such the claims against the County must be dismissed.

12

It is well settled that a municipality cannot be held liable in damages in an action brought pursuant to 42 U.S.C. 1983 when there is no underlying violation of the plaintiff's constitutional rights.  *see* <u>City of Los Angeles v. Heller</u>, 475 U.S. 796 (1986).   In the instant matter, there are no facts within the available record sufficient to establish claims of false arrest or  malicious prosecution.      Without a viable claim establishing a violation of the plaintiff's constitutional rights in the first instance there can be no claim for municipal liability.    Additionally, the defendants respectfully submit, the plaintiff can produce no evidence of a County policy, custom or procedure that lead to or was the proximate cause of the alleged constitutional violation. Accordingly, the <u>Monell</u> claim against the County of Suffolk must be dismissed.

**CONCLUSION**

Based on the forgoing, the motion of defendants P.O. John Focas, P.O. Steven Capparelli, P.O. Richard Yasso, P.O. Stacey Cunneen, P.O. Dane Flynn, P.O. Moira Huggins, Sgt. Christopher Foley and the County of Suffolk, Rule 56 for summary judgment dismissing the complaint should be granted.

Dated:  Hauppauge, New York
       October 30, 2015

*/s/ Brian C. Mitchell*
Brian C. Mitchell
Assistant County Attorney

13